UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEFFREY L. GIRTEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:09-CV-151 PPS |
| | ) |
| TOWN OF SCHERERVILLE, ROBERT VOLKMANN, JEFFREY HUET, and AL LEWANDOWSKI, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Jeffrey Girten was fired from his maintenance job with the Town of Schererville after nearly 16 years of employment. Girten, who is diabetic, says the Town fired him because of his disability and because he ratted on a fellow employee whom he saw using Town facilities for personal use. After pursuing his claims through the EEOC, Girten filed this lawsuit against the Town and some of its employees, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and retaliation for voicing a matter of public concern. Defendants contend that some of the claims raised in Girten's federal complaint exceed the scope of his EEOC charge and have therefore moved for partial dismissal of the Complaint for failure to exhaust administrative remedies. (DE 18.) For the following reasons, the motion is denied.

**I. BACKGROUND**

In 1993, Girten was hired as a maintenance worker in the Town of Schererville's Department of Public Works ("DPW"). (Compl. ¶ 1.) Girten has diabetes, and until March 2008, he was able to perform the essential functions of his job with reasonable accommodations. (*Id.* ¶ 6.) For example, the Town gave him access to a refrigerator at work, where he could keep snacks and insulin to regulate his blood sugar levels. (*Id.*) Around March 5, 2008, Girten observed

another employee's car in the Town garage. (*Id.* ¶ 7.) He deduced that the employee was using DPW's facilities and equipment to make engine repairs. (*Id.*) So he brought the matter to the attention of Al Lewandowski, DPW's General Maintenance Foreman. (*Id.*) Lewandowski appeared to be upset with Girten for raising the issue. (*Id.*) Over the next month, Lewandowski harassed Girten and placed increased demands on him, the stress from which increased his blood sugar levels and magnified his diabetic symptoms. (*Id.* ¶ 8.) On April 2, 2008, things got so bad that Girten needed to leave work. (*Id.* ¶¶ 8-9.) That afternoon, Girten complained to Town Manager Robert Volkmann. (*Id.* ¶ 9.) Volkmann told Girten he would be covered under the ADA for missed work days and scheduled a meeting with DPW Director Jeffrey Huet for April 8, 2008. (*Id.*) At the meeting, Girten informed Volkmann and Huet of his diabetic condition and the issues with Lewandowski. (*Id.*) After conferring privately, Volkmann and Huet told Girten they were discharging him because of his health condition and for violating Town policies. (*Id.*)

Soon after, Girten filed a discrimination charge with the EEOC. The charging document is not part of the record, but according to the Town, states the following:

> I am a qualified individual with a disability. I was employed by the Town of Schererville since July 12, 1993. On April 1, 2008 I called in sick because of stress on the job. I went back to work on April 7, 2008 with the proper documentation to return. On April 8, 2008 I was discharged reason given by the town manager was for group violations and my health condition.
>
> I believe I have been discriminated against on the basis of my disability which is in violation of the American with Disabilities Act of 1990.

(DE 19, Defs. Mem. at 2-3.) Girten doesn't dispute that this is what he wrote in the charging document.

## II. DISCUSSION

Defendants seek partial dismissal of the Complaint. Specifically, Defendants argue that Girten shouldn't be allowed to pursue a "reasonable accommodation" or retaliation claim under the ADA because those claims were not asserted in his initial EEOC charge. Girten says he is not pursuing an ADA retaliation claim, but rather a claim that he was fired in retaliation for exercising his First Amendment rights when he reported the misuse of Town property by a fellow employee. Defendants do not challenge his First Amendment claim at this stage; so the only issue before me is whether or not Girten can proceed on a claim that Defendants failed to make reasonable accommodations for his disability.

The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) meanwhile provides for the dismissal of claims that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Supreme Court has retooled its interpretation of the pleading standards in recent years, beginning within its opinion in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* At 555. More recently, the Court addressed the *Bell Atlantic* decision and stated: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that it plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Determining whether a complaint states a plausible claim for relief requires me to draw on my

3

judicial experience and common sense. *Id.* at 1950. And although at this stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by mere conclusory statements. *Id.*

The ADA "prohibit[s] an employer from discriminating against a qualified individual with a disability because of the disability." *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 796-97 (7th Cir. 2005). Discrimination under the ADA includes not making reasonable accommodations for the known physical or mental limitations of the disabled employee. *Id.* Before bringing an ADA claim in federal court, the plaintiff must pursue administrative remedies through the EEOC. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). In general, the plaintiff may only assert the claims in federal court that he raised in the administrative charge. *Teal v. Potter*, 559 F.3d 687, 691-92 (7th Cir. 2009). This does not mean that the scope of the federal lawsuit is limited word for word to the allegations stated in the EEOC charge. *Id.* Rather, an ADA plaintiff "may also litigate claims which are like or reasonably related to the allegations of the administrative charge and growing out of such allegations." *See id.* In order for claims to be deemed related, "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* at 692 (emphasis removed). The "standard is a liberal one and satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Id.*

According to Defendants, Girten never asserted a reasonable accommodation claim in his administrative charge. This argument is raised prematurely by Defendants in the form of a motion to dismiss. Failure to exhaust administrative remedies is an affirmative defense, and a plaintiff is not required to plead around affirmative defenses. *See Bregenettcy v. Horton*, 423 F.3d 674, 682

4

(7th Cir. 2005). Moreover, the administrative charge at issue is not a part of the record. So even if I were to treat Defendants' motion as a motion for summary judgment, I would have to rely on Defendants' incomplete recitation of the administrative charge – not the actual charge itself.

But even assuming Defendants' have relayed the contents of Girten's EEOC charge accurately (Girten doesn't contend that they haven't), I am not persuaded that Girten's reasonable accommodation claim is outside the scope of his EEOC allegations. Defendants make much of the Seventh Circuit's decision in *Green v. Nat'l Steel Corp.*, 197 F.3d 894 (7th Cir. 1999). In that case, Green filed an EEOC charge alleging only that she was terminated because of her disability. *Id.* at 897. After the EEOC dismissed the action, Green sued in federal court alleging that her employer violated the ADA by firing her and failing to accommodate her disability. *Id.* The Seventh Circuit held that Green could not pursue her failure to accommodate claim because that claim was outside the scope of her EEOC charge. *Id.* at 898. In doing so, the Court commented that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA." *Id.* The Court found that Green's claim that she suffered from inadequate working conditions had nothing to do with her wrongful termination claim. *Id.*

This case is much different from *Green*. Green's EEOC charge narrowly alleged wrongful termination, and her failure to accommodate claim related to working conditions separate and apart from her termination. By contrast, Girten's wrongful termination and failure to accommodate claims both arise out of the same operative facts. In his EEOC charge, Girten states that he had to leave work because of stress and was fired a few days later because of his illness. He now explains that Lewandowski was the one causing him stress during that time by harassing him and imposing unreasonable work demands. And when Girten complained about it, they did nothing to

5

accommodate his condition such as reducing those work demands or allowing for time off. Instead, they fired him.

It is true that wrongful termination and failure to accommodate are two distinct forms of disability discrimination. But that doesn't mean that both forms of discrimination can't arise from the same facts. *See Davis v. Am. Drug Stores, Inc.*, 2003 WL 21149063, at *3 (N.D. Ill. 2003). Here, both of Girten's ADA claims arise from the same series of events involving the same people during the first week of April 2008. Anyone investigating these events would have necessarily uncovered both claims. Therefore, construing Girten's EEOC charge liberally – as I'm required to do – I find that Girten's wrongful termination and failure to accommodate claims are so closely related that they can be pursued together in this lawsuit.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Partial Dismissal of the Complaint [DE 18] is **DENIED**.

**SO ORDERED.**

ENTERED: September 10, 2009

                                               s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT